KIBLER FOWLER & CAVE LLP
Michael D. Kibler (SBN 243982)
mkibler@kfc.law
Matthew J. Cave (SBN 280704)
mcave@kfc.law
Ashley L. King (SBN 322894)
aking@kfc.law
11100 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone: (310) 409-0400
Facsimile: (310) 409-0401

*Attorneys for Defendants CCC PSC Owner, LLC and CCC TRS, LLC d/b/a Shore Cliff Hotel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| THE OLD CUSTOM HOUSE, INC.<br><br>Plaintiff,<br><br>v.<br><br>CCC PSC OWNER, LLC, a Delaware limited liability company, and CCC TRS, LLC dba SHORE CLIFF HOTEL, a Delaware limited liability company, and DOES 1 to 30, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANTS CCC PSC OWNER, LLC AND CCC TRS, LLC dba SHORE CLIFF HOTEL'S NOTICE OF REMOVAL** |

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

**TO PLAINTIFF, ITS ATTORNEYS, AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants CCC PSC Owner, LLC and CCC TRS, LLC dba Shore Cliff Hotel (together, "Defendants") hereby remove the action pending as *The Old Custom House, Inc. v. CCS PSC Owner, LLC et al.,* No. 25CV-0546 (filed Aug. 25, 2025) from the Superior Court of California, County of San Luis Obispo to the United States District Court for the Central District of California.

This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff The Old Custom House, Inc. ("Plaintiff") and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. BACKGROUND

1. This action arises from Plaintiff's bad-faith attempt to distract from its flagrant disregard of the safety and lives of patrons and staff while it continues to operate its cliffside restaurant, Ventana Grill, despite multiple warnings from Defendants about the unsafe conditions of the structural integrity of the building and the coastal bluffs upon which the building sits.

2. Indeed, after consulting geotechnical experts who identified significant stability issues with respect to the bluffs—making Ventana Grill unsafe for occupancy—Defendants promptly informed Plaintiff of the significant risk and demanded that Plaintiff immediately close the premises due to these dangerous conditions.

3. Initially, Plaintiff acknowledged the risk to its patrons and staff and was amenable to ceasing operations at Ventana Grill. Upon learning the repairs that would be necessary to render Ventana Grill safe would take more than six months, however, Plaintiff then objected to any such closure.

4. As a result of Plaintiff's continued disregard of Defendants' warnings,

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

on August 18, 2025 (*i.e.*, only a week before Plaintiffs filed this action in state court), Defendants sent a letter and Ten-Day Notice to Perform Covenants or Quit, in which Defendants reiterated their earlier determination that, based on all reports and communications from their consultants to date, Plaintiff must cease operations at Ventana Grill immediately in accordance with applicable law or risk default of the Lease Agreement (defined below). Plaintiff was further informed that unless it ceased operations while Ventana Grill was in an unsafe condition, Defendants would file a Verified Complaint *in this Court* (a draft of which was provided to Plaintiff with the Ten-Day Notice).

5. Instead of ceasing operations and prioritizing the safety of restaurant patrons and staff, Plaintiff raced to the courthouse on August 25, 2025 and commenced an action in the Superior Court of California, County of San Luis Obispo against Defendants and Does 1-30, inclusive, entitled *The Old Custom House, Inc. v. CCS PSC Owner, LLC et al.,* No. 25CV-0546 (filed Aug. 25, 2025) (the "State Action"), alleging Defendants' safety concerns (with which Plaintiff initially agreed) were a "contrived excuse" to terminate the Lease Agreement. *See* Declaration of Ian Pullan ("Pullan Decl."), at ¶ 3, Ex. A (the "Complaint").

6. Plaintiff alleges the following causes of action in its Complaint against Defendants: (1) breach of contract, in which Plaintiff alleges it has suffered $70,000 in damages; (2) breach of the covenant of good faith and fair dealing; and (3) declaratory relief, in which Plaintiff requests "preliminary injunctive relief ancillary to Plaintiff's claims for relief" and a "declaration that the [Lease Agreement] is valid and in full force and that Defendants have no valid basis to terminate the Agreement or to demand Plaintiff immediately cease operations at the Restaurant Building." *Id.*

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the State Action and received by the Defendants is attached hereto as Exhibit A to the Declaration of Ian Pullan. *See id.* Other than the filing of the

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

Complaint, no proceedings have taken place in the State Action. *See id.* at ¶ 5.

8. By filing this Notice of Removal, Defendants do not waive their right to assert any defense or motion permitted by the Federal Rules of Civil Procedure. No admission of fact, law, or liability is intended by this Notice of Removal and all claims and defenses are hereby reserved.

## II. TIMELY FILED NOTICE UNDER 28 U.S.C. § 1446

9. Plaintiff served the Complaint on Defendants' agents for service of process via personal service on September 2, 2025. *See id.* at ¶ 3, Ex. A, at 1. Accordingly, this Notice is timely filed under 28 U.S.C. § 1446(b), because it is filed within 30 days of the date of service and is within one year from the commencement of the State Action.

10. Upon filing the Notice of Removal, Defendants will timely serve Plaintiff and will file and serve a copy of this Notice with the Clerk of the Superior Court of the State of California for the County of San Luis Obispo, pursuant to 28 U.S.C. § 1446(d).

## III. SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332

11. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There is complete diversity of citizenship.

12. The State Action is removable under 28 U.S.C. § 1441(b) because there is complete diversity of citizenship between the Plaintiff and each Defendant.

13. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. " 28 U.S.C. § 1332(c)(1). A corporation's principal place of business, for diversity jurisdiction purposes, is its "nerve center" where the corporation's high-level officers direct, control, and

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

coordinate the corporation's activities, which is typically the corporation's headquarters. *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 462-63 (9th Cir. 2018) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)). A limited liability company is a "citizen of every state of which its owners/members are citizens." *3123 SMB*, 880 F.3d at 465.

14. Plaintiff is, and was at all times relevant to this action, a citizen of the State of California for purposes of diversity jurisdiction because it is a corporation organized and existing in the State of California with its principal place of business in the City of Grover Beach, State of California, and the County of San Luis Obispo. *See* Pullan Decl., at ¶ 3, Ex. A, at ¶ 1.

15. Defendant CCC PSC Owner, LLC ("CCC")[1] is, and was at all times relevant to this action, a limited liability company wholly owned by its sole member CCC MRT Holdings, LLC ("MRT"). Pullan Decl., at ¶ 9. MRT is, and was at all times relevant to this action, a limited liability company duly organized in the State of Delaware with its principal place of business in the State of Colorado located at 100 Saint Paul Street, Suite 800, Denver, Colorado, 80206. *Id.* at ¶ 12. MRT's corporate headquarters are located in the State of Colorado, from which location all of MRT's operations are directed, controlled, and coordinated by its high-level officers. *Id.* at ¶ 13. Accordingly, for purposes of diversity jurisdiction, CCC is a citizen of the States of Delaware and Colorado.

16. Defendant CCC TRS, LLC d/b/a Shore Cliff Hotel ("Shore Cliff")[2] is,

---

[1] CCC is the current owner of the real property located at 2555 and 2575 Price Street, Pismo Beach, California, described as APNs 005-251-006 and 005-261-001 (the "Property"). The Property is improved with, among other improvements, the Shore Cliff Hotel located at 2555 Price Street (the "Hotel") and a two-story, oceanfront building located at 2575 Price Street (the "Restaurant Building"). *See* Pullan Decl., at ¶ 7. Plaintiff operates Ventana Grill in the Restaurant Building. *Id.* at ¶ 3, Ex. A, at ¶ 9.

[2] Shore Cliff is an affiliate of CCC, and is the entity vested with operational

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

and was at all times relevant to this action, a limited liability company wholly owned by its sole member CCC TRS Holdings, LLC ("CCC TRS Holdings"). Pullan Decl., at ¶ 10. CCC TRS Holdings is, and was at all times relevant to this action, a limited liability company duly organized in the State of Delaware with its principal place of business in the State of Colorado located at 100 Saint Paul Street, Suite 800, Denver, Colorado, 80206. *Id.* at ¶ 14. CCC TRS Holdings' corporate headquarters are located in the State of Colorado, from which location all of CCC TRS Holdings' operations are directed, controlled, and coordinated by its high-level officers. *Id.* at ¶ 15. Accordingly, for purposes of diversity jurisdiction, Shore Cliff is a citizen of the States of Delaware and Colorado.

17. None of the remaining Doe Defendants have been substituted with any named defendants or been served with process in the State Action. *Id.* at ¶ 4. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *accord Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Therefore, the citizenship of Does 1 through 30 should be disregarded for purposes of diversity.

**B. The amount in controversy exceeds $75,000.**

18. Under 28 U.S.C. § 1332(a), diversity jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."

19. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 90 (2014)).

authority over the Hotel and Restaurant Building pursuant to an intercompany operating lease agreement. *See* Pullan Decl., at ¶ 8.

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

20. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id*. Indeed, in assessing whether the amount in controversy is met, the Court may look beyond the complaint, and consider "summary-judgment type evidence" relevant to the amount in controversy. *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 416 (9th Cir. 2018). Additionally, "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . nonmonetary relief." 28 U.S.C. § 1446(c)(2)(A).

21. "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Az., LLC,* 899 F. 3d 785, 794 (9th Cir. 2018).

22. Additionally, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). In determining the amount in controversy in such cases, the Ninth Circuit employs the "either viewpoint rule," which permits the "object of the litigation" to be valued either from the plaintiff's viewpoint or the defendant's viewpoint. *In re Ford Motor Co./Citibank,* 264 F.3d 952, 958 (9th Cir. 2001) ("Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce"). In other words, the amount in controversy may be established by either "the value of plaintiff's potential recovery" or the "potential cost to the defendant of complying with the injunction [or declaration]." *Id.*

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

23. Defendants dispute that they are liable for any damages whatsoever to Plaintiff or that Plaintiff is entitled to any of the requested relief. Nevertheless, Defendants filed this Notice of Removal in good faith and on a reasonable basis in law and fact that it can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

1. *Damages.*

24. In a rather transparent attempt to avoid federal jurisdiction after having been sent a draft complaint to be filed in this Court, Plaintiff alleges it has suffered "$70,000" in general and special damages, just under the jurisdictional threshold. *See* Pullan Decl., at ¶ 3, Ex. A (prayer for relief as to the causes of action for breach of contract and breach of the covenant of good faith and fair dealing).

2. *Attorneys' Fees.*

25. In its Complaint, Plaintiff also seeks attorneys' fees. *See id.* (prayer for relief as to the causes of action for breach of contract and breach of the covenant of good faith and fair dealing).

26. Pursuant to Section 29 of the Lease Agreement, dated July 1, 2012, by and between Plaintiff and CCC's predecessor, Martin Hotel Management, LLC (the "Lease Agreement"), the parties agreed as follows: "The prevailing party in any action arising out of this Agreement shall be entitled, in addition to any other relief awarded, to recover reasonable attorneys' fees and costs." Pullan Decl., at ¶ 3, Ex. A, at Ex. A, at § 29 (the Lease Agreement).

27. In breach of contract cases involving lease agreements, fee awards for prevailing parties are often significant and can eclipse the $75,000 amount in controversy requirement. *See, e.g.*, *Sunnyside Dev. Co., LLC v. Opsys Ltd.*, No. C 05 0553, 2007 WL 2462141 (N.D. Cal. Aug. 29, 2007) (affirming attorneys' fees award

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

of $936,534.830); *L.A. Wholesale Produce Market, LLC v. Atlas Cap. Grp, LLC*, No. B299991, 2022 WL 15707609 (Cal. Ct. App. Oct. 28, 2022) (affirming attorneys' fees award of more than $500,000).

3. *Injunctive and Declaratory Relief.*

28. In its Complaint, Plaintiff also seeks "preliminary injunctive relief ancillary to Plaintiff's claims for relief" and a "declaration that the [Lease Agreement] is valid and in full force and that Defendants have no valid basis to terminate the Agreement or to demand Plaintiff immediately cease operations at the Restaurant Building." Pullan Decl., at ¶ 3, Ex. A (prayer for relief as to Plaintiff's declaratory relief cause of action).

29. Plaintiff claims that the Restaurant Building is "unique" and "would be nearly impossible to replace . . . with a similarly situated building." *Id.* at ¶ 3, Ex. A, at ¶ 23. Plaintiff additionally alleges that if Defendants are able to terminate the Lease Agreement, Plaintiff would suffer "significant loss of Plaintiff's goodwill, which is likely to cause ruin of Plaintiff's business." *Id.*

30. With respect to Plaintiff's declaratory relief cause of action, the "object of the litigation" is the validity of the Lease Agreement and to enjoin Defendants from terminating the Lease.

31. Under the "either viewpoint rule," the amount in controversy based on Plaintiff's declaratory relief cause of action alone far exceeds $75,000.

32. Indeed, if Plaintiff obtains a declaratory judgment affirming the validity of the Lease Agreement and prevent Defendants from terminating the Agreement—despite Defendants' good-faith and reasonable concerns for the safety of restaurant patrons and staff—Plaintiff will be able continue to operate its business "for the next two decades." Pullan Decl., at ¶ 3, Ex. A, at ¶ 23.

33. Plaintiff generates more than $5 million in business every year. *See, e.g.*, *id.* at ¶¶ 16–17, Ex. B (indicating Plaintiff's gross revenue from Ventana Grill operations in 2023 was $6,569,990.63); Ex. C (indicating Plaintiff's gross revenue

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

from Ventana Grill operations in 2024 was $ 6,481,231.98). Accordingly, from Plaintiff's viewpoint, Plaintiff's potential recovery far exceeds $75,000.

34. Furthermore, the potential cost to Defendants is significant if they are forced to comply with: (i) an injunction preventing them from terminating the Lease Agreement and (ii) a declaration that the Lease Agreement is still valid. Indeed, if Plaintiff is permitted to continue operations in the Restaurant Building while the building remains in an unsafe condition, Defendants will potentially incur millions of dollars of damages in the event that the growing danger materializes into the very incident that Defendants have consistently attempted to prevent: that is, the sudden collapse of the unstable sea cliff upon which Ventana Grill is located, resulting in catastrophic damage to the property and serious injury or death of restaurant patrons and staff. Pullan Decl., at ¶ 18. Accordingly, from Defendants' viewpoint, the potential cost of Defendants' compliance far exceeds $75,000.

35. Therefore, while Defendants do not concede that Plaintiff is entitled to any damages or relief based upon the allegations in its Complaint, based on the amount of Plaintiff's alleged damages (i.e., $70,000), the large amount of attorneys' fees awarded in these types of actions, and the multi-million dollar value of Plaintiff's requested injunctive and declaratory relief, the amount in controversy of this action easily exceeds the jurisdictional minimum under 28 U.S.C. § 1332(a).

36. Plaintiff's allegation of $70,000 in dispute is a transparent effort to avoid this Court's jurisdiction, which should be rejected.

## IV. VENUE

37. Removal to this Court is proper pursuant to 28 U.S.C. §§ 84, 1441, and 1446 because the Superior Court of the State of California, County of San Luis Obispo, is located within this District and within this Division, making this Court a proper venue for this action.

///

///

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

## V. CONCLUSION

WHEREFORE, for the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. sections 1332 and 1441(b). Accordingly, Defendants pray that this action be removed from the Superior Court of the State of California, County of San Luis Obispo to this Court.

Dated: September 16, 2025

KIBLER FOWLER & CAVE LLP

By: [signature]

MICHAEL D. KIBLER
MATTHEW J. CAVE
ASHLEY L. KING
Attorneys for Defendants CCC PSC Owner, LLC and CCC TRS, LLC d/b/a Shore Cliff Hotel

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025