KIBLER FOWLER & CAVE LLP
Michael D. Kibler (SBN 243982)
mkibler@kfc.law
Matthew J. Cave (SBN 280704)
mcave@kfc.law
Ashley L. King (SBN 322894)
aking@kfc.law
11100 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone: (310) 409-0400
Facsimile: (310) 409-0401

*Attorneys for Defendants CCC PSC Owner, LLC and CCC TRS, LLC d/b/a Shore Cliff Hotel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

THE OLD CUSTOM HOUSE, INC.

Plaintiff,

v.

CCC PSC OWNER, LLC, a Delaware limited liability company, and CCC TRS, LLC dba SHORE CLIFF HOTEL, a Delaware limited liability company, and DOES 1 to 30, inclusive,

Defendants.

CASE NO. 2:25-cv-08814

**DEFENDANTS CCC PCS OWNER, LLC AND CCC TRS, LLC dba SHORE CLIFF HOTEL'S ANSWER TO COMPLAINT**

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants CCC PCS Owner, LLC ("CCC") and CCC TRS, LLC d/b/a Shore Cliff Hotel ("Shore Cliff") (together, "Defendants") answer the Complaint of Plaintiff The Old Custom House, Inc. ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied. Headings from the Complaint are reproduced solely for reference, and Defendants deny any allegations, express or implied, from such headings.[1]

## ANSWER TO COMPLAINT

### PARTIES, JURISDICTION, AND VENUE

1. Answering Paragraph 1 of the Complaint, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and, on that basis, deny such allegations.

2. Answering Paragraph 2 of the Complaint, Defendants admit the allegations.

3. Answering Paragraph 3 of the Complaint, Defendants admit the allegations.

4. Answering Paragraph 4 of the Complaint, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and, on that basis, deny such allegations.

5. Answering Paragraph 5 of the Complaint, this Paragraph contains legal conclusions and argument to which no response is required.

6. Answering Paragraph 6 of the Complaint, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and, on that basis, deny such allegations.

7. Answering Paragraph 7 of the Complaint, this paragraph contains legal conclusions and argument to which no response is required.

[1] All capitalized terms not specifically defined in this Answer are as defined in Plaintiff's Complaint.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

**FIRST CAUSE OF ACTION**

**FOR BREACH OF CONTRACT**

8. Answering Paragraph 8 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 7 as if fully set forth herein.

9. Answering Paragraph 9 of the Complaint, Defendants admit the allegations.

10. Answering Paragraph 10 of the Complaint, Defendants admit that on or about February 1, 2023, CCC acquired the Property. The remainder of Paragraph 10 contains legal conclusions and argument to which no response is required.

11. Answering Paragraph 11 of the Complaint, Defendants deny each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendants admit that they contacted Plaintiff in July 2025 demanding Plaintiff immediately shut down all operations at the Restaurant Building. Defendants deny the remaining allegations contained in Paragraph 12. Paragraph 12 further contains legal conclusions and argument to which no response is required.

13. Answering Paragraph 13 of the Complaint, Defendants admit that they served a 10-day Notice to Perform Covenant or Quit, demanding Plaintiff immediately shut down all operations at the Restaurant Building within that period, or Defendants would be forced to pursue litigation. Defendants deny the remaining allegations contained in Paragraph 13. Paragraph 13 further contains legal conclusions and argument to which no response is required.

14. Answering Paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, Defendants deny each and every allegation contained therein. Paragraph 15 further contains legal conclusions and argument to which no response is required.

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

**SECOND CAUSE OF ACTION**

**FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

16. Answering Paragraph 16 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 15 as if fully set forth herein.

17. Answering Paragraph 17 of the Complaint, this paragraph contains legal conclusions and argument to which no response is required.

18. Answering Paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein. Paragraph 18 further contains legal conclusions and argument to which no response is required.

**THIRD CAUSE OF ACTION**

**FOR DECLARATORY RELIEF**

19. Answering Paragraph 19 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 15 as if fully set forth herein.

20. Answering Paragraph 20 of the Complaint, Defendants admit that Plaintiff and CCC's predecessor entered into a Lease Agreement over ten years ago. Defendants deny the remaining allegations contained in Paragraph 20. Paragraph 20 further contains legal conclusions and argument to which no response is required.

21. Answering Paragraph 21 of the Complaint, this paragraph contains legal conclusions and argument to which no response is required.

22. Answering Paragraph 22 of the Complaint, this paragraph contains legal conclusions and argument to which no response is required.

23. Answering Paragraph 23 of the Complaint, this paragraph contains legal conclusions and argument to which no response is required.

**PRAYER**

24. Plaintiff's prayer for relief contains legal conclusions and argument to

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

which no response is required.

## AFFIRMATIVE DEFENSES

Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

25. As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

**(Default)**

26. As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the Complaint are barred, in whole or in part, because Plaintiff defaulted on its obligations under the alleged contract, and therefore is not entitled to the relief requested under the alleged contract.

## THIRD AFFIRMATIVE DEFENSE

**(Prior Material Breach)**

27. As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the Complaint are barred by reason of the prior material breach of the agreement or agreements by Plaintiff upon which it bases the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

**(Performance Excused)**

28. As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Defendants were excused from any performance due from them to Plaintiff under any of the alleged

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

contracts.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure of Condition Precedent)**

29. As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's causes of action are barred by Plaintiff's failure to perform all conditions precedent to Plaintiff's purported right to recover.

**SIXTH AFFIRMATIVE DEFENSE**

**(Frustration of Purpose)**

30. As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from the recovery set forth in the Complaint by the doctrine of frustration of purpose.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

31. As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part because Plaintiff would be unjustly enriched if it were to recover upon any of its claims against Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Justification/Excuse)**

32. As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on its behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

///

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

**NINTH AFFIRMATIVE DEFENSE**

**(All Obligations Performed)**

33. As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Defendants have fully and/or substantially performed any and all obligations they may have had to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

**(Compliance with the Law)**

34. As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the actions taken by Defendants were in full compliance with the law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

35. As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's claims are barred, in whole or in part, because Defendants' actions were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the sole purpose of Defendants to engage in and continue their business activities.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Lack of Deception)**

36. As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the actions taken by it were not deceptive.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Malicious Intent)**

37. As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Defendants

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

did not act with malicious intent to deprive any person of any Constitutional right or to cause any other injury and therefore are not liable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Business Judgment)**

38. As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the actions taken by Defendants were the exercise of reasonable business judgment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

39. As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that in each act or statement done or made by Defendants, their officers, employees and/or agents, with reference to Plaintiff were and continue to be made in good faith and are proper assertions of Defendants' legal rights and obligations and, therefore, were and are privileged.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Authorization)**

40. As a separate and sixteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on its behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint by the doctrine of authorization, including, for example, Plaintiff's initial agreement to cease operations pending repairs to the Restaurant Building and the sea cliffs upon which it is located.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

41. As a separate and seventeenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

barred from prosecuting the purported causes of action set forth in the Complaint because Plaintiff, and/or the persons and/or entities acting on its behalf, consented to and acquiesced in the subject conduct, including, for example, Plaintiff's initial agreement to cease operations pending repairs to the Restaurant Building and the sea cliffs upon which it is located.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

42. As a separate and eighteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on its behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint by the doctrine of ratification, including, for example, Plaintiff's initial agreement to cease operations pending repairs to the Restaurant Building and the sea cliffs upon which it is located.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

43. As a separate and nineteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of estoppel, including, for example, Plaintiff's initial agreement to cease operations pending repairs to the Restaurant Building and the sea cliffs upon which it is located.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Waiver)**

44. As a separate and twentieth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that as a result of its own acts and/or omissions, Plaintiff has waived any right which it may have had to recover, and/or is estopped from recovering, any relief sought against

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

45. As a separate and twenty-first affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff lacks standing to prosecute the purported claims set forth in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Injury or Damage)**

46. As a separate and twenty-second affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff has not been injured or damaged as a proximate result of any act or omission for which Defendants are responsible.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

47. As a separate and twenty-third affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Proximate Cause – Plaintiff)**

48. As a separate and twenty-fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the injuries and damages alleged in the Complaint by Plaintiff occurred, were proximately caused by and/or were contributed to by Plaintiff's own acts or failures to act and that Plaintiff's recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injury or damages.

///

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Intervening and Superseding Cause)**

49. As a separate and twenty-fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that if Plaintiff suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury was legally caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage or injury of which Plaintiff complains.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Offset)**

50. As a separate and twenty-sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff and/or the persons and/or the entities acting on Plaintiff's behalf, the Defendants have been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff might be entitled. As a result, the Defendants are entitled to an offset against any sums found owing to the Defendants from Plaintiff.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(*In pari delicto*)**

51. As a separate and twenty-seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the claims therein are barred by the doctrine of *in pari delicto*.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

52. As a separate and twenty-eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's damages, if any, were caused by the primary negligence and/or

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

acquiescence in the acts and omissions alleged in the Complaint by the Plaintiff, and Plaintiff's agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiff's behalf. By reason thereof, Plaintiff is not entitled to damages or any other relief whatsoever as against Defendants.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Apportionment of Fault)**

53. As a separate and twenty-ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of parties other than the Defendants, whether or not parties to this action. By reason thereof, Plaintiff's damages, if any, as against the Defendants, must be reduced by the proportion of fault attributable to such other parties, and to the extent that this is necessary, Defendants may be entitled to partial indemnity from others on a comparative fault basis.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

54. As a separate and thirtieth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's claims, if any, are barred for its failure, and/or the failure of the persons and/or entities acting on its behalf, to mitigate any purported damages.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Laches)**

55. As a separate and thirty-first affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of laches.

///

///

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

56. As a separate and thirty-second affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff has an adequate remedy at law.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

57. As a separate and thirty-third affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable, including, but not limited to, California Code of Civil Procedure Sections 335, 335.1, 336, 337, 338, 339, 340, 340.5, 340.9, 343, 344 and 474.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

58. Defendants allege that they presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants therefore reserve the right to assert additional affirmative defenses in the event that discovery indicates they are appropriate, at any time prior to the time of trial.

WHEREFORE, Defendants pray for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3. That Defendants be awarded their attorneys' fees incurred in defending this action;

4. That Defendants be awarded their costs incurred in defending this

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

action;

5. That Defendants be granted such other and further relief as the Court may deem just and proper.

Dated: September 23, 2025 KIBLER FOWLER & CAVE LLP

By: [signature]

MICHAEL D. KIBLER
MATTHEW J. CAVE
ASHLEY L. KING
Attorneys for Defendants CCC PSC Owner, LLC and CCC TRS, LLC d/b/a Shore Cliff Hotel

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025

# PROOF OF SERVICE

**The Old Custom House, Inc. v. CCC PCS Owner, LLC, et al.**
**Case No. 2:25-cv-08814**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 11100 Santa Monica Blvd., Suite 500, Los Angeles, CA 90025.

On September 23, 2025, I served true copies of the following document(s) described as **DEFENDANTS CCC PCS OWNER, LLC AND CCC TRS, LLC DBA SHORE CLIFF HOTEL'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Shae Luchetta<br>Luchetta Law PC<br>755 Santa Rosa Street, Suite 300<br>San Luis Obispo, CA 93401<br>Tel: 805-548-0770<br>Email: shae@luchettalaw.com<br>info@Luchettalaw.com | Attorneys for Plaintiff THE OLD CUSTOM HOUSE, INC. |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Kibler Fowler & Cave LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address mschneider@kfc.law to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 23, 2025, at Los Angeles, California.

Megan E Schneider

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 500
Los Angeles, California 90025