J S - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE OLD CUSTOM HOUSE, INC.,

        Plaintiff,

  v.

CCC PSC OWNER, LLC, et al.,

        Defendants.

Case No.: 2:25-cv-08814-SRM-E

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [19]**

## I.    INTRODUCTION

Before the Court is Plaintiff The Old Custom House, Inc.'s ("Custom House") Motion to Remand pursuant to 28 U.S.C. § 1447(c). Dkt. 19. Defendants CCC PSC Owner, LLC ("CCC") and CCC TRS, LLC ("Shore Cliff Hotel") (collectively, "Defendants") filed an Opposition to Plaintiff Custom House's Motion to Remand, to which Plaintiff Custom House filed a Reply. Dkts. 25, 27.

## II.   BACKGROUND

This action stems from the lease and operation of a cliffside restaurant, the Ventana Grill, at Pismo Beach, California. *See* Dkts. 1; 2 at 12-17. On July 1, 2012, Plaintiff Custom House entered into a Lease Agreement ("Agreement") with

1

Defendants' predecessor-in-interest to operate the Ventana Grill, of which it has approximately twenty years remaining on Lease extensions. *See* Dkts. 2 at 12-18; 19-1 at 6; 19-5 at 2. According to Plaintiff Custom House's allegations, Defendant CCC owns the Pismo Beach property on which the Shore Cliff Hotel and Restaurant Building are located. Dkt. 2 at 13. As alleged, Defendant Shore Cliff Hotel has operational authority over the Shore Cliff Hotel and Restaurant Building at which the Ventana Grill is located. *See* Dkts. 1 at 5-6; 2 at 13, 18. Thereafter, Defendants consulted geotechnical experts, who according to Defendants, "identified significant stability issues with respect to the bluffs," and determined that the Ventana Grill is allegedly "unsafe for occupancy." *See* Dkts. 1 at 2; 19-3. In July of 2025, Defendants allegedly demanded that Plaintiff Custom House immediately shut down operations due to the asserted dangerous conditions. *See* Dkts. 19-3; 19-5 at 2. On August 18, 2025, Defendants served a Ten-Day Notice to Perform Covenants or Quit as to Plaintiff Custom House's Lease. *See* Dkts. 1 at 3; 19-2;19-5 at 3.

As a result, on August 25, 2025, Plaintiff Custom House filed the operative Complaint in the Superior Court of the County of San Luis Obispo in Case No. 25CV-0546 against Defendants seeking to prevent Defendants from evicting Plaintiff Custom House from the premises. *See* Dkts. 2 at 12-17; 19-5 at 2. In sum, Plaintiff Custom House claims that Defendants are essentially attempting to evict it based on a "manufactured" safety concern. *See* Dkts. 2 at 12-17; 19-1 at 6; 19-5 at 2. More specifically, Plaintiff brings claims against Defendants under California law for breach of contract (Count One), breach of the covenant of good faith and fair dealing (Count Two), and declaratory relief (Count Three). *See* Dkt. 2 at 12-17. Based on these allegations, Plaintiff requests special damages in an amount of $70,000 on the first two counts and preliminary injunctive relief on the third count, in addition to a declaration that the Lease Agreement at issue is valid and in full force and that Defendants lack a valid basis to terminate the Agreement or demand Plaintiff immediately cease operations at the Restaurant Building. *See id.*

2

On September 16, 2025, Defendants removed this action from the Superior Court of California, County of San Luis Obispo, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1. Defendants filed an answer and counterclaim on September 23, 2025. Dkts. 6, 7. On October 15, 2025, Plaintiff Custom House filed the instant Motion to Remand, which includes a request for costs, expenses, and attorney fees. Dkt. 19. The Court finds the matter appropriate for resolution without oral argument. *See* C.D. Cal. L.R. 7-15. For the reasons set forth below, Plaintiff Custom House's Motion to Remand is due to be GRANTED.

## III.   LEGAL STANDARD

### A.   Jurisdiction

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Civil actions may be removed from state court if a federal court has original jurisdiction over the action. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision . . . original subject-matter jurisdiction [must] lie [ ] in the federal courts."). If any doubt exists regarding the right to removal, a district court should remand the action to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." (internal quotation marks and citation omitted)).

Moreover, an action removed to federal court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Removal of state action may be based on either diversity or federal question jurisdiction. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction is established where (1) all plaintiffs are of different

citizenship than all defendants, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The burden to establish grounds for federal jurisdiction rests on the removing party. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-701 (9th Cir. 2007) (discussing burdens of proof placed on removing defendant when plaintiff's motion to remand pursuant to § 1447(c) and state-court complaint specify damages below the jurisdictional requirement for federal court).[1]

### B.    Citizenship

For diversity jurisdiction purposes, a corporation is considered "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (recognizing a corporation's principal place of business refers to the corporation's "nerve center," which "will typically be found at a corporation's headquarters"). In contrast, a limited liability company is a citizen of any state where a member of the company is a citizen. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that analogous to "a partnership, an LLC is a citizen of every state of which its owners/members are citizens"); *see also Fadal Mach. Centers, LLC v. Mid-Atl. CNC, Inc.*, 464 F. App'x 672, 673 (9th Cir. 2012) (discussing that a limited liability corporation or LLC "is a citizen of all states where its members are citizens" for purposes of diversity jurisdiction).

---

[1] Of note, the Ninth Circuit has recognized that the case on which the *Guglielmino* decision was based was overruled by *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), which in effect reverted to the preponderance of evidence standard in Class Action Fairness Act cases. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The Ninth Circuit, however, has declined to rule on whether the standard applies to non-CAFA cases. *See Guglielmino*, 506 F.3d at 699 n.3. Other courts in this District have concluded that the "best reading of the law" as applied to non-CAFA cases where the amount in controversy is disputed and the complaint alleges less than $75,000 in damages is that a defendant must show the amount exceeds the threshold by a preponderance of evidence. *See, e.g.*, *Amaratunge v. Honeywell Int'l Inc.*, No. CV 16-04023-RGK-JC, 2016 WL 4435078, at *2 (C.D. Cal. Aug. 16, 2016).

### C.    Amount in Controversy

When evaluating whether diversity jurisdiction exists, the district court first considers whether it is "facially apparent" from the complaint that at least $75,000 is in controversy. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (stating that removal "cannot be based simply upon conclusory allegations"). If the amount in controversy is not apparent from the complaint, the amount a defendant asserts in the notice of removal, in general, is accepted. *See Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014) ("[Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met.").

However, if a plaintiff contests the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *See Jauregui*, 28 F.4th at 992 (quoting *Dart Cherokee*, 574 U.S. at 88). Under the preponderance of the evidence standard, to satisfy its burden a removing party may rely on "a chain of reasoning that includes assumptions" if "the reasoning and underlying assumptions are reasonable." *See id.* at 993 (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)). Such assumptions may also be reasonable if based on the allegations of the complaint. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019).

To determine the types of evidence that satisfy the preponderance of the evidence evaluation, the Ninth Circuit has endorsed the Fifth Circuit's approach. *See Singer*, 116 F.3d at 377. In addition to considering the facts presented in the removal petition, defendants can submit any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *See id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

## IV.    DISCUSSION

In the instant Motion, Plaintiff Custom House argues that remand is appropriate as Defendants have not met their burden to establish diversity jurisdiction. *See* Dkt. 19-1 at 6-15. More specifically, Plaintiff Custom House asserts that Defendants incorrectly identify their limited liability companies based on where their respective member entities were formed and their principal place of business instead of identifying the citizenship of each of the members of the limited liability companies and thus have not established the existence of complete diversity of citizenship. *See id.* at 8-9.

In addition, Plaintiff Custom House contends that Defendants have failed to establish that the amount in controversy exceeds $75,000. *See* Dkt. 19-1 at 10. Rather, Plaintiff Custom House asserts Defendants have not provided evidence that unambiguously supports an amount in controversy that satisfies the jurisdictional threshold. *See id.* In particular, Plaintiff Custom House takes issue with Defendants' inclusion of asserted "speculative" damages in the millions it may incur if required to leave the premises. *See id.* at 12-13. Instead, Plaintiff Custom House argues if it must vacate the property, then it will not have an obligation to pay the amount due under the Lease to Defendants and therefore no cost would accrue to either party should an injunction be entered as it would solely affect possession. *See id.* at 13. And if Plaintiff Custom House were to prevail on an injunction, then, it contends, operations would continue on the premises, and it would not have more than $75,000 in damages based on any absence of revenue. *See id.* In other words, Plaintiff Custom House posits that the focus of its action is the right of possession, not the value of the property. *See id.* at 12. Because of this, Plaintiff Custom House insists that the amount in controversy for this action is determined based on the amount of damages it alleges in its Complaint, and not the value of the real property. *See id.*

In their timely filed Notice of Removal, Defendants assert that this Court has subject matter jurisdiction over this action based on the complete diversity of citizenship between Plaintiff Custom House and Defendants and that the amount in controversy

exceeds $75,000, exclusive of interest and costs. *See* Dkt. 1 at 4-10. As support for removal, Defendants allege Plaintiff Custom House is a citizen of the State of California as it is a corporation organized and existing in the State of California with its principal place of business in the State of California. *See id.* at 5. Defendants assert that Defendant CCC is "a limited liability company wholly owned by its sole member CCC MRT Holdings, LLC." *See id.* at 5. According to Defendants, MRT is "organized in the State of Delaware with its principal place of business in the State of Colorado." Thus, for purposes of diversity jurisdiction, Defendants assert that Defendant CCC "is a citizen of the States of Delaware and Colorado." *See id.* As to Defendant Shore Cliff Hotel, Defendants contend it is a "limited liability company wholly owned by its sole member CCC TRS Holdings, LLC." *See id.* at 6. Defendants allege that CCC TRS Holdings is a "limited liability company duly organized in the State of Delaware with its principal place of business in the State of Colorado" and its corporate headquarters "located in the State of Colorado." *See id.* Defendants, therefore, assert that "for purposes of diversity jurisdiction, Shore Cliff [Hotel] is a citizen of the States of Delaware and Colorado." *See id.*

Upon review, Defendants' allegations as to the citizenship of its limited liability companies identify members who are also limited liability companies. *See id.* at 5-6; Dkt. 2 at 3. Thus, Defendants must allege the citizenship of each sub-member of each member that is a limited liability company. *See G & L 436 Bedford, LLC v. Vonschlobohm*, No. CV 22-06034-MWF-AFM, 2022 WL 16708448, at *2 (C.D. Cal. Nov. 4, 2022) (citing *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010)).

While the declaration of Defendants' Vice President submitted in support of removal states that the limited liability companies' "operations are directed, controlled, and coordinated by its high-level officers," Defendants have not provided for the citizenship of each sub-member of each member alleged to be a limited liability company. *See* Dkts. 1 at 5-6; 2 at 3. Accordingly, Defendants have not met their burden

to demonstrate diversity of citizenship. *See G & L 436 Bedford, LLC*, 2022 WL 16708448, at *2.

Even had Defendants established the citizenship of each of Defendants' members, Defendants have not met their burden to show the damages and attorneys' fees at controversy exceed $75,000. *See, e.g., Singer*, 116 F.3d at 377. In their Opposition, Defendants claim that in addition to the $70,000 Plaintiff Custom House alleges in the Complaint as damages, the attorneys' fees sought under the lease clause and declaratory and injunctive relief for an oceanfront restaurant that generates more than $6 million in annual gross revenue "overwhelms the jurisdictional floor." Dkt. 25 at 6.

At the time of removal, Defendants based their calculation of damages regarding Plaintiff Custom House's declaratory relief cause of action, for example, on Plaintiff Custom House's gross revenue from the Ventana Grill's respective operations in 2023 of $6,569,990.63 and in 2024 of $6,481,231.98. *See* Dkts. 1 at 9; 2 at 3, 52-54. In addition, Defendants contend that the amount in controversy exceeds $75,000 based on "the potential cost to Defendants" if forced to comply with an injunction from terminating the lease agreement and a declaration that the Agreement is valid, for which Defendants would "potentially incur millions of dollars of damages." Dkt. 1 at 10. Defendants further argue that the "large amount of attorneys' fees" awarded in these types of actions in addition to the amount of Plaintiff Custom House's alleged damages of $70,000, and the "multi-million dollar value of Plaintiff's requested injunctive and declaratory relief" exceed the jurisdictional threshold. *See id.* In support, Defendants cite a United States District Court for the Northern District of California and State of California cases involving lease agreements where fee awards for prevailing parties were more than the $75,000 amount in controversy requirement. *See id.* at 8-9. Defendants also direct the Court to Section 29 of the Lease Agreement dated July 1, 2012, which provides for the prevailing party in any action that arises out of the Agreement to recover reasonable attorney's fees and costs. *See* Dkts. 1 at 8; 2 at

2, 18, 32.

In turn, Plaintiff Custom House maintains that its Complaint alleges damages below the jurisdictional threshold and contends that Defendants' calculations are speculative as to an "outcome of a hypothetical catastrophic event" and include damages amount that venture beyond the issue central to its Complaint. *See* Dkt. 19-1.

Foremost, it is the amount of damages sought in Plaintiff Custom House's Complaint, not the value of the real property, that determines the amount in controversy. *See Lidner v. Wallace*, No. 2:15-cv-03122-CAS-SS, 2015 WL 12655693, at *2 (C.D. Cal. June 10, 2015) (citing *Cal. Equity Mgmt. Grp., Inc. v. Jiminez*, No. 13-cv-1222 JSC, 2013 WL 1748051, at *1 (N.D. Cal. Apr. 23, 2013)); *see also Litton Loan Serv., L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) ("[T]he amount of damages sought in the [unlawful detainer] complaint, not the value of the subject real property, determines the amount in controversy.").

Here, Plaintiff Custom House seeks damages less than $75,000, as stated on the face of its Complaint. *See* Dkt. 2 at 15. Because Plaintiff Custom House's cause of action is based on its alleged right to possession of the premises, damages are limited to those incident to possession of the property; which here, concern the Restaurant Building that houses the Ventana Grill. *See, e.g.*, *Lidner*, 2015 WL 12655693, at *2. Further, the amount in controversy is not reached through intangible and speculative claims. *See, e.g.*, *Matheson,* 319 F.3d at 1090-91; *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976).

As regards inclusion of attorneys' fees to meet the amount in controversy, such fees may be included in the calculation "if authorized by statute or contract." *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citation omitted); *see also Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794-96 (9th Cir. 2018) (remanding for district court to determine whether removing party met burden to prove the amount in controversy, including future attorneys' fees with certain limitations, exceeded the

jurisdictional threshold).

While Plaintiff Custom House's Complaint does seek reasonable attorneys' fees and alleges causes of actions based on claims of the breach of the Lease Agreement, neither are specific to an amount, nor alleged under a statute providing for such an award; nor do Defendants provide for an amount of attorneys' fees specific to this action to meet its burden and break through the jurisdictional barrier to this Court. *See* Dkts. 1; 2 at 14-16.

Accordingly, Defendants have not met their burden to establish the requisite amount in controversy to show the requirements for diversity jurisdiction exist. Thus, this Court lacks subject matter jurisdiction over this case and this Court must remand this action to the state court. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *see also Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1258 (9th Cir. 1997) ("Upon determining that it lacked subject matter jurisdiction, the district court was required to remand [plaintiff's] claims . . . to the state court.").

Regarding Plaintiff Custom House's request for costs and attorneys' fees based on Defendants' removal of this case not being objectively reasonable, the Court deems the request as due to be granted. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). To determine if an objectively reasonable basis exists for seeking removal, a court considers whether "at the time the notice of removal was filed" the basis was "clearly foreclosed." *See id.* at 1066. In support of its request for attorneys' fees, Plaintiff Custom House contends removal of this action to this Court "was a clear tactical move to increase the burden of this litigation." *See* Dkt. 19-1 at 14-15. Based on review of the state court Complaint and Defendants' Notice of Removal, at the time of removal, Defendants failed to disclose complete jurisdictional facts regarding the citizenship of all of its members and attempted to invoke jurisdiction

based on possible losses to meet the amount in controversy, which was not supported by Plaintiff Custom House's allegations in its state court Complaint. *See* Dkts. 1, 2. Upon review, this Court concludes that Defendants lacked a reasonable basis to remove the case. *See Martin*, 546 U.S. at 141; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

In the declaration, Plaintiff Custom House's counsel of record, Shae Luchtta, states that seven hours were spent researching and drafting the instant Motion, and counsel's hourly rate is $400. See Dkt. 19-4 at 2. As stated in the declaration, counsel has been practicing law in San Luis Obispo County for more than thirty-years and is a principal at Luchetta Law PC, and counsel's hourly rate is customarily charged in the area for the same or similar services by an attorney with counsel's experience, reputation, and ability. *See id.* at 1-2. The Court therefore awards Plaintiff Custom House attorneys' fees in the amount of $2,800.

## V.  CONCLUSION

Upon consideration of the above, the Court **GRANTS** Plaintiff's Motion to Remand. Dkt. 19. This action is **REMANDED** to the Superior Court of the County of San Luis Obispo in Case No. 25CV-0546. The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

DATED: April 24, 2026

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

11